UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| CHARLES OBLISK </br></br> Plaintiff, </br></br> v. </br></br> PEGASUS TRANSPORTATION COMPANY, INC., </br></br> Defendant. </br></br> Serve: Registered Agent </br> Cogency Global, Inc. </br> 828 Lane Allen Road, Suite 219 </br> Lexington, KY 40504 </br></br> -and- </br></br> CEDAR RAPIDS STEEL TRANSPORT INTERNATIONAL, INC., </br></br> Defendant. </br></br> Serve: Registered Agent </br> Cogency Global, Inc. </br> 828 Lane Allen Road, Suite 219 </br> Lexington, KY 40504 | Civil Action No. _____ |

## **COMPLAINT**

Comes now the Plaintiff, Charles Oblisk, by and through counsel, and for his Complaint against the Defendants, states as follows:

### **I. PARTIES, VENUE, AND JURISDICTION**

1. That at all relevant times herein Plaintiff, Charles Oblisk, (hereinafter "Oblisk") was a citizen and resident of Louisville, Jefferson County, Kentucky. In September of

      2019 (subsequent to the events described below), Oblisk relocated to Rineyville, Hardin County, Kentucky, and currently resides there.

2. That at all relevant times herein, Defendant Pegasus Transportation Company, Inc., (Hereinafter, "Pegasus" and/or "Defendant") was and is a foreign corporation based out of Indiana, licensed to do business in the Commonwealth of Kentucky, with its principal place of business located at 2903 South English Station Road, Louisville, Jefferson County, Kentucky. (*See EXHIBIT #1*).

3. Cedar Rapids Steel Transport International, Inc. (hereinafter "CRST"), is an Iowa-based corporation with its principal business office located at 3930 16th Avenue Southwest, Cedar Rapids, Iowa 52404. CRST owns and operates Pegasus. CRST is the parent company of Pegasus. Pegasus is a subsidiary of CRST. CRST is an inactive foreign corporation in the Commonwealth of Kentucky which first filed articles of incorporation with the Kentucky Secretary of State on April 24, 2017, and which was dissolved on or about October 16, 2018. (*See EXHIBIT #2*) CRST remains an active company in the state of Iowa and it owns and operates four other subsidiary companies in Kentucky addition to Pegasus which are all active licensed foreign corporations doing business in the Commonwealth of Kentucky. (*See EXHIBIT #2*). These businesses include: CRST Expedited, Inc., a foreign corporation licensed to business in Kentucky; CRST Logistics, Inc., a foreign corporation licensed to business in Kentucky; CRST Specialized Transportation, Inc., a foreign corporation licensed to business in Kentucky; and CRST Malone, Inc., a foreign corporation licensed to business in Kentucky. Each of the above-named subsidiaries of CRST was incorporated as a foreign business

2

      entity in the Commonwealth of Kentucky on September 30, 2019.   (*See EXHIBITS #3 - #6*)

4. This action is brought pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §§ 2601 *et seq.*; 29 U.S.C. § 2615; and 29 U.S.C. § 2617, which specifically confers jurisdiction on this Court for any claim of an FMLA violation.   This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which confers general subject matter jurisdiction on this Court for all civil claims arising under the laws of the United States, of which the FMLA is such a law.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as all of the events alleged herein occurred in this District.   Further, Defendant Pegasus has its principal business office in this district (*See EXHIBIT #1*) and resides here pursuant to 28 U.S.C. § 1391 (c)(2) and venue is therefore proper under 28 U.S.C. § 1391(b)(1).   Defendant CRST is subject to the Court's personal jurisdiction in this District due to its extensive business operations, holdings, and contacts in this District, including the ownership and operation of all Kentucky-licensed corporations listed in paragraph #3 above. (*See EXHIBITS #2 - #6*).  Therefore, venue is appropriate in this District as to Defendant CRST under 28 U.S.C. § 1391(d) & 1391(b)(2).

## II. **STATEMENT OF FACTS**

6. Pegasus is a privately-held corporation involved in the business of the shipping,

transportation, and storing of commercial goods. At all times relevant to the allegations herein, Pegasus has had 50 or more employees working at its principal business office located at 2903 South English Station Road, Louisville, Jefferson County, Kentucky.

7. Pegasus hired Oblisk to work as a truck driver on or about October 21, 2016, at their principal business office located at 2903 South English Station Road, Louisville, Jefferson County, Kentucky. Oblisk remained employed with Pegasus continuously as a full-time employee working 40 hours or more per week from October 21, 2016 until he was terminated on January 11, 2019. Oblisk worked at his job as a truck driver for Pegasus for more than 1,250 hours of service in the 12-month period immediately preceding any request made by Oblisk for FMLA leave.

8. On June 3, 2018, Oblisk was injured in a motorcycle accident in which he fractured his right wrist as well as his left elbow. (*See EXHIBIT #7*). Oblisk's injuries from the motorcycle accident were severe and rendered him medically unable and unfit to safely operate a commercial vehicle which requires the full use of both sets of hands and arms. Thus, Oblisk was physically unable to work at his job as a truck driver for Pegasus during the period of recovery from his injuries, which lasted approximately eight weeks from June 3, 2018 until July 30, 2018. (*See EXHIBIT #7*). During this time period, Oblisk received continuing and ongoing medical treatment and evaluation from Dr. William Renda, an orthopedic surgeon with the Louisville Veteran's Administration hospital as well as other medical professionals employed by that facility.

9. On or about June 3, 2018, Oblisk notified Pegasus of his injuries arising from the June 3, 2018 motorcycle accident and informed Pegasus of his intention to take FMLA leave during his period of recuperation.  Oblisk took FMLA leave from his job at Pegasus for approximately eight weeks from June 3, 2018 until August 4, 2018 to recover from his motorcycle accident injuries.  Pegasus allowed Oblisk to take FMLA leave during this time period and then allowed him to return to work on or about August 5, 2018. (*See EXHIBITS #7 & #8*).

10. On or about August 5, 2018, Oblisk had regained sufficient strength, function, and mobility of his wrists and arms to safely operate a commercial vehicle and resume his job as a truck driver.  Although Oblisk was able to return to work and safely drive a truck at this time, he was still experiencing severe pain in his left arm.  He sought ongoing care and evaluation from Dr. Jeffrey Popham with Ellis and Badenhausen Orthopedics in Louisville, Kentucky.  Dr. Popham, an orthopedic surgeon, recommended surgery on Oblisk's left elbow to remove painful bone shards that still remained in Oblisk's body as a result of the motorcycle accident

11. On November 9, 2018, Dr. Popham, an orthopedic surgeon, performed arthroscopic surgery on Oblisk's left elbow.  The surgery rendered Oblisk unable to use his left arm for approximately two weeks during his period of recovery.  The period of recovery lasted approximately from November 9, 2018 through November 25, 2018.  During this time period, Oblisk was medically unfit and unable to operate a commercial vehicle, and thus he could not work at his job as a truck driver with Pegasus.  Oblisk received continuing care and evaluation from Dr. Popham during this time period.  Oblisk informed Pegasus in advance of the

surgery of his intention to take an additional two weeks of FMLA leave during this time period, and the leave was approved by Pegasus.  Pegasus allowed Oblisk to return to work on or about November 26, 2018.  *(See EXHIBITS #7 & #8).*

12. As of November 26, 2018, Oblisk had used 10 weeks of the total allotted 12 weeks of FMLA leave in a 12-month period as set forth in 29 U.S.C. §§ 2612(a)(1)(D) and 2614(a)(1).  Although the condition of Oblisk's elbow had improved following the November 9, 2018 surgery, he still could not fully extend his left arm all the way, and continued to experience persistent pain in the left elbow.  On or about November 19, 2018, at a follow-up appointment, Dr. Popham advised Oblisk that Oblisk needed a second surgery to replace the radial head of the left elbow which had not healed properly from the fracture sustained in the motorcycle accident.  Dr. Popham informed Oblisk that the only way to fix his arm was to surgically replace the damaged elbow joint.  This procedure required an open surgery necessitating a large incision into the left arm, and could not be accomplished arthroscopically.  Dr. Popham advised Oblisk that although the surgery was not an emergency situation, Oblisk would continue to live in pain with limited function of his left arm until the problem was surgically corrected.  Dr. Popham advised Oblisk to schedule the surgery as soon as possible and warned him that the expected period of recovery from a surgery of this type was approximately ten weeks, during which Oblisk would be physically unable to operate a commercial vehicle.

13. On or about November 26, 2019, Oblisk informed Pegasus Human Resources Officer Phyllis Banks that he needed elbow replacement surgery with an expected

recovery period of 10 weeks, exhausting his FMLA benefits, since at this point, he only had two weeks of FMLA leave left for the year. Oblisk also informed his supervisor Ryan Pahl and dispatcher Alex Christian of the situation. Banks, Paul, and Christian all told Oblisk that he could take his remaining two weeks of FMLA leave, and take any additional recovery time that was needed after his FMLA was exhausted, and then return to work. With Banks' approval, Oblisk scheduled his elbow replacement surgery for January 18, 2019, with his last day of work before the surgery occurring on January 11, 2019[1].

14. With Banks and Pahl's advance permission and approval, Oblisk took off work effective January 11, 2019. (*See EXHIBIT #9*).   His intention and understanding as communicated to Banks and Pahl was that he would take his remaining two weeks of FMLA leave from January 17, 2019 through January 28, 2019, followed by eight weeks of additional unpaid leave that was not covered by FMLA.  Banks, Pahl, and Christian all told Oblisk they approved of this plan and he could return to work when he had fully recovered.  On or about February 2, 2019, Oblisk received a letter from Principal Absence Management Company, a third-party FMLA claims administrator hired by CRST, that his FMLA leave from January 17, 2019 through January 28, 2019, had been approved.  (*See EXHIBIT #8*).

15. From January 18, 2019 through April 15, 2019, Oblisk was unable to operate a commercial vehicle and perform his duties as truck driver due to his inability to use

---

[1] Oblisk's truck delivery routes normally had him departing on Sunday evening and returning to Pegasus' office with an empty truck the following Friday night.  Oblisk's surgery was scheduled for 7:00 a.m. on Friday, January 18, 2019, and Banks did not have any shorter routes available for him departing on Sunday, January 13, 2019 that would enable him to return in time for his surgery first thing on Friday morning.   Thus, by agreement, Oblisk's last day of work prior to surgery was Friday, January 11, 2019. (*See EXHIBIT #9*)

his left arm or hand. (*See EXHIBITS #7, #8, & #9*). During this time period, Oblisk had repeated follow up visits with Dr. Popham. Oblisk was seen by Dr. Popham for post-operative visits on January 29, 2019, February 14, 2019, and March 28, 2019. In addition, between February 1, 2019, and March 28, 2019, Oblisk had seven physical therapy sessions with Ellis & Badenhausen to help his elbow recover from surgery. At his final post-operative visit on March 28, 2019, Dr. Popham advised Oblisk that he would be able to return to work and safely resume all of his duties as a truck driver as of April 15, 2019. (*See EXHIBIT #7*).

16. Between January 18, 2019, and March 28, 2019, Oblisk remained in contact with Banks and Pahl and informed them he could return to duty on or about April 15, 2019. Banks and Pahl assured Oblisk that his job would be waiting for him when he returned.

17. On or about March 28, 2019, at a follow-up visit with Dr. Popham, Oblisk was informed by Dr. Popham's staff that his health insurance had been cancelled. Oblisk called Banks to inquire why his insurance has been cancelled. Banks told Oblisk she did not know why and directed him to contact the CRST Human Resources Department. Oblisk immediately called the CRST Human Resources employee help line and spoke with a representative (name unknown) who informed him that both his employment and his health insurance had been terminated effective January 11, 2019, prior to his elbow surgery of January 18, 2019, and prior to fully exhausting his 12 weeks of allotted FMLA leave for the year. Oblisk then called Banks and she confirmed that he had been terminated effective January 11, 2019, and that she had just been advised of this fact by CRST.

Neither Banks nor the representative from CRST gave Oblisk any reason as to the justification or timing of the termination.  Oblisk requested a letter in writing from both Pegasus (through Banks) and CRST (through its Human Resources employee help-line) specifying both the date and reason for his termination but never received such a letter.

### III.     PLAINTIFF'S SUPPORTING DOCUMENTATION

The Plaintiff is in possession of the following documentation which corroborates and supports the factual allegations set forth in paragraphs #1-17 above.  The Plaintiff hereby submits these items as attachments to the Complaint in support of his allegations against the Defendants.

18. Kentucky Secretary of State Business Search Information on Pegasus Transportation, Inc.   (*EXHIBIT #1*)
19. Kentucky Secretary of State Business Search Information on CRST International, LLC & CRST Webpage Showing Subsidiary Operating Companies.   (*EXHIBIT #2*)
20. Kentucky Secretary of State Business Search Information on CRST Malone, Inc.   (*EXHIBIT #3*)
21. Kentucky Secretary of State Business Search Information on CRST Logistics, Inc.   (*EXHIBIT #4*)

22. Kentucky Secretary of State Business Search Information on CRST Specialized Transportation, Inc.   (*EXHIBIT #5*)

23. Kentucky Secretary of State Business Search Information on CRST Expedited, Inc.   (*EXHIBIT #6*)

24. Charles Oblisk "Unable to Work" Notes from Dr. Jeffrey Popham. (*EXHIBIT #7*).

25. Letter from Principal Absence Management Approving FMLA leave for Charles Oblisk for three different dates, dated 2/2/19 (*EXHIBIT #8*).

26. Letter from Pegasus Human Resources Officer Phyllis Banks regarding last day of work before surgery, dated 2/5/19 (*EXHIBIT #9*).

### IV.   CAUSES OF ACTION

**A.   COUNT I -- FMLA INTERFERENCE IN VIOLATION OF 29 U.S.C. § 2615(a)(1)**

27. The Plaintiff fully and completely restates and reincorporates the averments contained in paragraphs #1- #26 above as if fully set forth herein.

28. At all relevant times hereto, Oblisk was an "eligible employee" for FMLA benefits under 29 U.S.C § 2611(2)(a) and (2)(b) in that he was employed by Pegasus for more than 12 months prior to his first request for FMLA leave on June 3, 2018; and that he had worked more than 1,250 hours of service for Pegasus during the 12 month period immediately preceding June 3, 2018.   Further, Pegasus was an "employer" under 29 U.S.C. § 2611(4) in that Oblisk was employed by Pegasus at a worksite located at 2903 South

      English Station Road, Louisville, Jefferson County, Kentucky, in which Pegasus employed 50 or more employees at all times relevant to the allegations contained within this Complaint.

29. Oblisk was entitled to FMLA leave during all of the following time periods: (1) from June 3, 2018 through August 4, 2018, the date of the motorcycle accident and subsequent period of recuperation; (2) from November 9, 2018 through November 25, 2018 for the arthroscopic bone shard removal surgery and subsequent period of recuperation; and (3) from January 17, 2019 through January 28, 2019 for the left elbow radial head joint replacement surgery. During each of these time periods, Oblisk suffered a serious health condition (fractured elbow and wrist and subsequent repair surgeries) which rendered him medically unable and unfit to perform the essential functions of his job as a commercial truck driver, a task which requires the full use and strength of both hands and arms. During each of these time periods, Oblisk had ongoing treatments and care with Dr. William Renda, Dr. Jeffery Popham, physical therapists with the Veterans Administration Hospital and Ellis & Badenhausen Orthopedics and various members of their medical and nursing staffs.

30. Oblisk gave Pegasus and CRST notice of his intention to take FMLA leave prior to (or as soon as practicable after the date of injury) in each of the disability periods specified in paragraph #29 above through in-person and telephone conversations with Pegasus Human Resources Officer Phyllis Banks, supervisor Ryan Pahl, and dispatcher Alex Christian, and also as

      reflected in the documentation contained in the attached EXHIBITS #7, #8, and #9.

31. Pegasus and CRST denied Oblisk FMLA benefits to which he was entitled by terminating his employment effective January 11, 2019, prior to the start of his anticipated and pre-approved FMLA leave that was set to begin on January 17, 2019. Due to the close timing of the termination to the projected start of FMLA leave coupled with the lack of any legitimate reason or alternate explanation from either Pegasus or CRST as to why Oblisk was terminated, there is a reasonable inference that Pegasus and/or CRST improperly used Oblisk's request for FMLA as a substantial motivating factor for firing him.

32. Under the legal doctrine of *respondeat superior*, Pegasus is vicariously liable for the actions, decisions, and omissions of its employees, managers, officers, and agents including, but not limited to, Phyllis Banks, Alex Christian, and Ryan Pahl. Likewise, CRST is vicariously liable for the actions, decisions, and omissions of its employees, managers, officers, and agents. As the owner and operator of Pegasus, CRST is also vicariously liable for the actions, decisions, and omissions of the employees, managers, officers, and agents of Pegasus.

B.    **COUNT I -- FMLA RETALIATION IN VIOLATION OF 29 U.S.C. § 2615(a)(2)**

33. The Plaintiff fully and completely restates and reincorporates the averments contained in paragraphs #1- #32 above as if fully set forth herein.

34. Oblisk was engaged in activity protected by the FMLA when he requested leave during all of the following time periods: (1) from June 3, 2018 through August 4, 2018, the date of the motorcycle accident and subsequent period of recuperation; (2) from November 9, 2018 through November 25, 2018 for the arthroscopic bone shard removal surgery and subsequent period of recuperation; and (3) from January 17, 2019 through January 28, 2019 for the left elbow radial head joint replacement surgery and recovery.

35. Both Pegasus and CRST knew Oblisk was exercising his rights under the FMLA because Oblisk gave Pegasus and CRST notice of his intention to take FMLA leave prior to (or as soon as practicable after the date of injury) in each of the disability periods specified in paragraph #34 above through in-person and telephone conversations with Pegasus Human Resources Officer Phyllis Banks, Supervisor Ryan Pahl, and dispatcher Alex Christian, and also as reflected in the documentation contained in the attached EXHIBITS #7, #8, and #9.

36. After learning of Oblisk's request to take FMLA leave from January 17, 2019 through January 28, 2019, Pegasus and CRST took an employment action adverse to Oblisk in the form of terminating his employment effective January 11, 2019.

37. Due to the close timing of the termination (January 11, 2019), with the projected start of Oblisk's requested FMLA leave, (January 17, 2019), coupled with the lack of any legitimate reason or alternate explanation from either Pegasus or CRST as to why Oblisk was terminated, there is a

reasonable inference that Pegasus and/or CRST improperly used Oblisk's request for FMLA as a substantial motivating factor for firing him.

38. Under the legal doctrine of *respondeat superior*, Pegasus is vicariously liable for the actions, decisions, and omissions of its employees, managers, officers, and agents including, but not limited to, Phyllis Banks, Alex Christian, and Ryan Pahl. Likewise, CRST is vicariously liable for the actions, decisions, and omissions of its employees, managers, officers, and agents. As the owner and operator of Pegasus, CRST is also vicariously liable for the actions, decisions, and omissions of the employees, managers, officers, and agents of Pegasus.

## V. PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands the following:

1. A trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38;

2. Judgment in favor of the Plaintiff against the Defendants, jointly and severally, by reason of their violations of the FMLA as set forth above;

3. All damages, expenses, attorney's fees, costs, and other relief contemplated and allowed by 29 U.S.C. § 2617;

4. Pre- and post-judgment interest;

5. Any and all other relief to which the Plaintiff may otherwise be

properly entitled under the laws and regulations of the United States and/or the Commonwealth of Kentucky.

Respectfully submitted,

/S/ *Andrew S. Epstein*
ANDREW S. EPSTEIN
BAHE, COOK, CANTLEY & NEFZGER
1041 Goss Avenue
Louisville, Kentucky 40217
(502) 587-2002 – Telephone
(502) 587-2007 – Fax
andrew@bccnlaw.com
*Counsel for Plaintiff*